**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**WILLIAM D. DAVIS**                                                                          **PLAINTIFF**

**V.**                                                                          **NO. 4:20-CV-74-DMB-JMV**

**MARCO KIRKHAM, WALTER
PHILLIPS, and MATTHEW HOOD**                                                  **DEFENDANTS**

**<u>ORDER</u>**

After the defendants moved for summary judgment asserting qualified immunity, William Davis filed a motion asking the Court to allow him qualified immunity discovery and to defer consideration of the summary judgment motion until such discovery is completed. For the reasons below, Davis will be permitted limited discovery on the qualified immunity issues. And because such discovery will impact the parties' arguments and evidence on the summary judgment issues, the defendants' motion for summary judgment will be denied without prejudice to renewal.

**I
<u>Procedural History</u>**

On April 29, 2020, William D. Davis filed a complaint in the United States District Court for the Northern District of Mississippi against Marco Kirkham and John Does 1-5. Doc. #1. Davis alleges Fourth and Fourteenth Amendment violations arising from a traffic stop and the resulting search and seizure of him and his property. *Id.* at 2–6. With the Court's leave,[1] Davis filed an amended complaint adding Walter Phillips and Matthew Hood as defendants on September 23, 2020. Doc. #23. Kirkham answered the amended complaint on October 5, 2020, Doc. #25, and Phillips and Hood answered on November 23, 2020, Doc. #29.

---

[1] Doc. #22.

The next day, the three defendants filed a motion for summary judgment on all claims based on qualified immunity. Doc. #30. The defendants argue that no constitutional violation occurred because they had probable cause to stop Davis, search his vehicle, and seize his property. Doc. #31 at 11.

On December 8, 2020, United States Magistrate Judge Jane M. Virden stayed all discovery pending a ruling on the qualified immunity defense.[2] Doc. #34. The same day, rather than file a response to the summary judgment motion, Davis filed a motion requesting that the Court defer consideration of the motion and, pursuant to Rule 56(d), allow him to conduct limited qualified immunity discovery. Doc. #35. The defendants responded in opposition to the motion, Doc. #37; and Davis replied, Doc. #41.

## II
## Rule 56(d)

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Motions for discovery under Rule 56(d) "are broadly favored and should be liberally granted, but a nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Renfroe v. Parker*, 974 F.3d 594, 600-01 (5th Cir. 2020) (internal quotation marks omitted). Rather, such a request "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and

---

[2] *See* L.U. Civ. R. 16(b)(3)(B) ("Filing a motion … asserting an immunity defense …stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal.").

indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* at 601.

### III
### <u>Analysis</u>

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). To this end, "[q]ualified immunity is an immunity from *suit* rather than a mere *defense* to liability." *Id.* at 237 (emphases added). And protection from pretrial discovery is "[o]ne of the most salient benefits of qualified immunity." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 891 F.3d 214, 223 (5th Cir. 2018). However, "qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

The Fifth Circuit has "established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). First, the district court must determine "whether the pleadings assert facts which, if true, would overcome the defense of [qualified immunity]." *Hutcheson v. Dallas Cnty., Tex.*, 994 F.3d 477, 481 (5th Cir. 2021) (internal quotation marks omitted). Second, if the district court finds the pleadings assert such facts, it may issue "a narrowly tailored discovery order to uncover only those facts needed to rule on the immunity claim." *Id.* (internal quotation marks omitted). Thus, in addition to satisfying the requirements of Rule 56(d), a plaintiff seeking discovery on a qualified immunity defense must have pled facts that would overcome the defense and "identify any questions of fact that the court must resolve before determining [the qualified immunity issue]." *Id.*

**A. Amended Complaint**

In his amended complaint, Davis alleges that the defendants (1) "unlawfully seized [his] person when they prolonged [his] temporary detention beyond the reasonable time needed to complete the traffic stop;" (2) "used the unlawful extended detention … to manufacture a pretextual basis to conduct an illegal search of [his] vehicle;" and (3) "unlawfully seized [his] personal property during their unlawful search of [his] vehicle." Doc. #23 at 5–6. Davis asserts that this amounts to an "unlawful search/seizure" and "deprivation of due process/equal protection" in violation of the Fourth and Fourteenth Amendments. *Id.* at 5.

"Under the Fourth Amendment, warrantless searches and seizures are per se unreasonable unless they fall within a few narrowly defined exceptions." *Rountree v. Lopinto*, 976 F.3d 606, 609 (5th Cir. 2020) (cleaned up). One such exception, the "automobile exception," "permits the police to search a vehicle if they have probable cause to believe that the vehicle contains contraband." *Id.* (internal quotation marks omitted). "Probable cause requires a fair probability that a suspect has committed a crime." *United States v. Bass*, 996 F.3d 729, 737 (5th Cir. 2021) (internal quotation marks omitted).

The Court finds Davis' amended complaint asserts facts which, if true, would overcome qualified immunity. Davis alleges that he was "motioned to pull off the roadway" by the defendants; he "assumed [they] were conducting routine traffic stops of vehicles" and complied with the directive to pull over; he removed his seatbelt so he could retrieve his wallet; and he complied with Kirkham's directive to step out of his vehicle though he "did not say or do anything … to suggest that he posed a threat or was engaged in criminal activity." Doc. #23 at 2–3. He further alleges that Kirkham seized possession of his cell phone after conducting a pat down; no drugs or weapons were found on his person during the pat down; Kirkham informed him that "he

had called for a K-9 unit to come to the scene to perform a 'sniff' of the vehicle;" while waiting

for the K-9 unit, he was "not free to leave;" and after the K-9 unit arrived, the troopers "searched

the interior of the vehicle" and "seized [a] duffle bag and its [cash] contents."[3]  *Id.* at 3–4.  These

alleged facts, if true, support a finding that the defendants lacked probable cause to expand the

stop to a search of the vehicle, as they suggest the defendants had no reason to believe Davis

committed a crime or that his vehicle contained contraband.

### B.  Facts Required

A court may order qualified immunity discovery if it finds that "further clarification of the

facts" are necessary before ruling on the issue.  *Zapata*, 750 F.3d at 485; *accord Anderson v.

Creighton*, 483 U.S. 635, 646 n.6 (1987) ("[I]f the actions [a defendant official] claims he took are

different from those the [plaintiff] allege[s] … then discovery may be necessary before [the

official]'s motion for summary judgment on qualified immunity grounds can be resolved.").

The evidence the defendants submitted presents facts that differ from those alleged in

Davis' amended complaint (and were not previously known or disclosed to Davis).  In support of

their summary judgment motion, the defendants submitted the declarations of Cole Terrell,

Kirkham, and Hood, detailing events leading up to and during the traffic stop of Davis.  *See* Docs.

#30-1, #30-2, #30-3.  Terrell's declaration describes his account of an investigation into a drug

trafficking organization in which a confidential source disclosed that Davis "traveled to a known

narcotics distribution residence" and "received an undisclosed amount of U.S. Currency for

cocaine previously delivered while at this location."  Doc. #30-1 at ¶¶ 4–5.  According to Terrell,

unidentified agents confirmed Davis' location and continued conducting surveillance; the agents

---

[3] Davis also alleges, "No illegal drugs or weapons were found in the vehicle. … [He] was not arrested for committing any crime. … [He] estimates that the duration of the stop lasted approximately two and one-half hours."  Doc. #23 at 4.

observed Davis leave the residence, travel to a second residence they "know [him] to both occupy and utilize in his narcotics distribution business," change vehicles, carrying a "small bag" from one vehicle to the next; and then leave the second residence. *Id.* at ¶¶ 4–6. Terrell says he then contacted Kirkham to inform him of Davis' possible travel route, after which "[a]gents determined it would be best to have [Davis] encountered via a routine safety checkpoint." *Id.* at ¶ 7.

Kirkham's and Hood's declarations are somewhat similar regarding what happened next. They each say they were contacted by Lieutenant Elmo Townsend with the Mississippi Highway Patrol ("MHP"), who informed them that the Mississippi Bureau of Narcotics needed the MHP "to intercept a suspect carrying a large amount of cash" from illegal narcotics sales. Doc. #30-2 at ¶ 4; Doc. #30-3 at ¶ 4. According to Kirkham, Townsend said Terrell would be in touch with him regarding logistics, he subsequently received a call from Terrell, "[i]t was determined that a routine safety checkpoint would be placed on the suspect's route," and he was conducting a driver license checkpoint with Trooper Walter Phillips when Davis approached. Doc. #30-2 at ¶¶ 4–6. Hood declares Townsend asked him to assist Kirkham, so he communicated with Kirkham, who told him "they had the suspected vehicle stopped." Doc. #30-3 at ¶¶ 4–6.

Based on these declarations, the defendants argue they are entitled to qualified immunity because (1) they had probable cause for their actions through the collective knowledge doctrine based on information received from Terrell and (2) alternatively, they developed probable cause independent from the collective knowledge doctrine based on what transpired at the scene. Doc. #30 at 1–2; Doc. #31 at 11–20.

Davis asserts that he needs limited discovery to "challenge their newly asserted qualified immunity defense which is based primarily [sic] Agent Terrell's affidavit" and that, "at a minimum," he should be allowed to depose Terrell and the defendants to "ascertain what exactly

transpired and was conveyed to the MHP prior to the Subject Stop." Doc. #36 at 3, 5. Specifically,

the Rule 56(d) affidavit filed by Davis states:

> Prior to the Officers' summary judgment motion and Terrell's supporting declaration, this was a case about the expansion of a public safety stop into a drug investigation. Terrell's declaration purports to provide facts supporting the prolonged detention of Davis and the warrantless search of his vehicle. By their nature these facts are impossible for Davis to obtain and test absent access, via discovery, to the investigating parties and their documents.
>
> Without access to discovery, Davis is completely unable to challenge the Constitutional sufficiency of the Officers' probable cause to search his vehicle. At minimum, Terrell, the surveilling officers and obtain any records and evidence compiled during their investigation. [sic] It is self-evident that without an opportunity to obtain this information Davis cannot "present facts essential to justify his opposition" to the Officers' claim to qualified immunity. This information, **specifically what was communicated to agents in Jackson by their informant, what was observed of Davis by the surveilling agents, and what was reported to or personally observed by Terrell,** was and remains solely in the possession of Terrell and other unnamed agents and agencies.
>
> Reasonable suspicion and probable cause are the threshold issue for both the Officers' defense of qualified immunity and Davis' § 1983 claim. Davis is wholly unable to rebut the assertions of Terrell and the Officers based solely on his personal knowledge. Limited discovery on the issue of the Officers['] entitlement to qualified immunity is essential for Davis to justify his opposition to the Officers' motion for summary judgment.

Doc. #35-1 at PageID 173 (emphasis added) (cleaned up).

The defendants argue the affidavit Davis attached to his motion is insufficient to meet the

Rule 56(d) standard and, though it requests discovery solely relating to information provided by

Terrell, it does not request discovery regarding their argument that independent probable cause

was developed during the stop. Doc. #38 at 9–16. In reply, Davis argues that Terrell's declaration

contains "significant factual 'holes'" and is not sufficiently specific to establish probable cause to

search the vehicle he was driving because it does not include details of his appearance or conduct,

of how long he was present at the first location, or of whether he was carrying any type of bag

when he left the first location. Doc. #41 at 1, 3. He further argues that the defendants did not

develop independent probable cause, relying on facts alleged in his amended complaint to support his account of what happened during the traffic stop. *Id.* at 6–10. Davis asserts he is entitled to limited discovery relating to the investigation which led to the stop, "including document production and depositions of Terrell and the as yet unidentified Agents, as well as the depositions of the [defendants]." *Id.* at 12.

"Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct–not to complete–discovery. The two concepts are distinct." *Byers v. Navarro Cnty.*, No. 3:09-CV-1792, 2011 WL 2586756, at *1 (N.D. Tex. June 30, 2011). The only discovery conducted in this case are the initial disclosures of Davis and Kirkham, and Davis' service of a subpoena seeking documents from the Mississippi Department of Public Safety. *See* Docs. #17, #18, #19, #21. The defendants' initial disclosures did not identify Terrell or his involvement in providing information leading to the traffic stop of Davis.[4] *See* Doc. #35 at 2; Doc. #35-2 at PageID 175–76, 179. As the defendants' collective knowledge doctrine argument is based on the assertions detailed in the declarations, and since Davis was unaware of Terrell's involvement before the summary judgment motion was filed and thus has had no chance to conduct discovery on what transpired between the officers before the stop, the Court concludes Davis has identified specified reasons why he cannot present facts essential to justify his opposition to the summary judgment motion as to the collective knowledge doctrine.

However, as the defendants point out, the Rule 56(d) affidavit focuses on discovery regarding information Terrell provided before the stop occurred. Davis does not seek discovery

---

[4] The defendants attempt to clarify Davis' assertion that their qualified immunity defense is "newly asserted" by pointing out that each defendant raised this defense in their answer. *See* Doc. #37 at 2 n.1. Though this is true, the answers, like the initial disclosures, provide no details regarding the basis for the defense—they merely contain the general assertion that they are "entitled to qualified immunity." Doc. #25 at 8; Doc. #29 at 8. "Affirmative defenses must be raised by motion [and] … the court will not recognize a motion included within the body of the answer …." L.U. Civ. R. 7(b)(2)(A).

concerning the defendants' alternative summary judgment argument that probable cause arose during the stop independent of any information received from Terrell. Consequently, discovery on the defendants' alternative argument need not be considered.[5]

### C. Scope of Discovery

As to Davis' request for discovery relating to information provided by Terrell before the stop occurred, the defendants contend that what Terrell knows has already been presented to the Court in his declaration and "[w]hat his agents knew, or … learned from an informant, or any records and evidence compiled during their investigation has no bearing on the application of the collective knowledge doctrine in this matter as prevailing law did not require Trooper Kirkham to speak with the surveilling officers or obtain any records and evidence compiled during their investigation." Doc. #38 at 10. The Court agrees that Davis is not entitled to the records of the investigation or access to the unidentified agents. However, Davis is entitled to depose Terrell and the defendants regarding the information in the declarations, including the precise communications between Terrell and the defendants before deciding to arrange the stop. Such information is material to determining what knowledge, if any, was imputed to the officers and how it relates to the ultimate determination of probable cause.

### IV
### Conclusion

Davis' motion for qualified immunity discovery [35] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Davis is permitted, within fourteen days of the entry of this order, to depose Terrell and the defendants regarding the information in the declarations as to what occurred before the stop that lead to the decision to conduct the stop. The motion is DENIED in

---

[5] In his reply, Davis seems to address the alternative argument based on facts of which he has first-hand knowledge. For example, while he contends the defendants should have provided the NCIC report of his criminal history that Kirkham reviewed on the scene, Davis has first-hand knowledge of his own criminal history.

all other respects.  Given that this discovery will impact the parties' arguments and evidence on the summary judgment issues, the defendants' motion for summary judgment [30] is **DENIED without prejudice**.[6]  The defendants may renew their motion for summary judgment within fourteen days of the completion of the discovery allowed under this order.[7]

   **SO ORDERED**, this 24th day of September, 2021.

            **/s/Debra M. Brown**
            **UNITED STATES DISTRICT JUDGE**

---

[6] *See Bianchini v. Vance*, No. 3:16-CV-510, 2018 WL 1801431, at * 4 (S.D. Miss. Apr. 16, 2018) (granting Rule 56(d) motion, allowing limited qualified immunity discovery, and terminating motion for summary judgment without prejudice to refile following discovery).

[7] Except to permit the limited discovery allowed under this order, the current stay of this case otherwise remains in effect.